UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| ASIAH K. WALLACE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, and GRAIN TECHNOLOGY, INC.,<br><br>　　　　Defendants. | CIVIL COMPLAINT<br><br>CASE NO. 5:23-cv-00279-BO-RN<br><br>DEMAND FOR JURY TRIAL |

## FIRST AMENDED COMPLAINT

NOW comes ASIAH K. WALLACE ("Plaintiff"), by and through the undersigned, complaining as to the conduct of EQUIFAX INFORMATION SERVICES, LLC ("Equifax") and GRAIN TECHNOLOGY. INC. ("Grain") (collectively "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages under the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. § 1681 *et seq.*, stemming from Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1681, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendants conduct business in the Eastern District of North Carolina and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of North Carolina.

### PARTIES

1

4. Plaintiff is a consumer over-the-age of 18 and residing in Clayton, North Carolina, within the Eastern District of North Carolina.

5. Equifax is regularly engaged in the business of assembling and evaluating information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties inquiring about a consumer's credit worthiness, credit standing, and credit capacity for consumers across the country, including those in the state of California. Equifax is a limited liability company organized and existing under the laws of the state of Georgia with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

6. Grain is an entity engaged in the business of offering consumers and individuals lines of credit. Grain is a corporation organized under the laws of the state of Delaware with its principal place of business at 2108 North Street, Suite N., Sacramento, California 95861.

7. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. Prior to conduct giving rise to the claims herein, Plaintiff obtained a revolving line of credit ("subject consumer debt") from Grain, whereby it was accessed through a phone app.

9. Subsequently, in or about the year 2022, Grain locked Plaintiff and countless other consumers out of its app.

10. Plaintiff inquired into how she could make payments on the subject consumer debt, but she was directed back to the app that would not allow her to make payments.

11. Grain provided no other avenues for consumers to pay on their accounts with Grain.

2

12. On Grain's website, Grain only instructs consumers to pay on their accounts through its app.

13. According to online reviews and comments, the app has not properly functioned for many of Grain's customers.

14. Thereafter, Grain began reporting the subject consumer debt as delinquent on Plaintiff's Trans Union, Equifax, and Experian credit reports.

15. As a result, on or about January 16, 2023, Plaintiff sent written dispute letters to Trans Union, Equifax, and Experian disputing the subject consumer debt, providing identifying documentation, and providing relevant information clearly showing that the subject consumer debt was being reported inaccurately due to Grain not accepting payments for the subject consumer debt by any means.

16. Based upon information and belief, Trans Union, Equifax, and Experian received Plaintiff's dispute letters by January 24, 2023.

17. Upon information and belief, Grain received notice of Plaintiff's disputes within five days of Plaintiff initiating the disputes with Trans Union, Equifax, and Experian. See 15 U.S. Code §1681i(a)(2).

18. However, on March 8, 2023, the subject consumer debt was still being reported on Plaintiff's Equifax credit report, with negative references to the subject consumer debt.

19. Equifax failed to reasonably investigate Plaintiff's dispute within 30 days of Plaintiff's dispute. Specifically, Equifax never provided any response to Plaintiff's dispute despite being provided clear information that the subject consumer debt was being reported inaccurately. Rather than conduct a reasonable investigation into Plaintiff's dispute, Equifax simply continued to report the subject consumer debt inaccurately.

20. The inaccuracy and issue with Plaintiff's credit reports and the reporting of the subject debt was readily and objectively verifiable had Defendants upheld their obligations imposed by the FCRA.

21. As such, despite having actual knowledge that the subject consumer debt was being reported inaccurately after receiving Plaintiff's dispute, Defendants continued to report the subject consumer debt with the negative information that should have been completely removed from Plaintiff's credit file.

22. The reporting of the subject consumer debt by Equifax is patently inaccurate and materially misleading because it paints Plaintiff's credit worthiness in a false light.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

23. The erroneous reporting of the subject consumer debt paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject consumer debt has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has certain unpaid debt which is not owed by Plaintiff.

24. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and/or credit opportunities, and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

25. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, the loss of credit opportunity, decreased credit score, tracking the status of her disputes, out of pocket expenses for credit monitoring services, time monitoring her credit files, and mental and emotional pain and suffering.

26. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in her Equifax credit files.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### PLAINTIFF AGAINST EQUIFAX

27. Plaintiff restates and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

29. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

30. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by § 1681a(d).

31. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

32. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

33. The FCRA requires the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

34. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information or delete the item within 30 days of receiving the dispute. 15 U.S.C. § 1681i(a)(1)(A).

35. Plaintiff provided Equifax with all relevant information in her request for investigation to reflect that the subject consumer debt was being reported inaccurately.

36. Equifax nevertheless prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject consumer debt on Plaintiff's credit report notwithstanding her dispute, when in fact the subject consumer debt should have been removed from her credit report altogether.

37. Equifax further failed to reasonably investigate Plaintiff's dispute, as it patently failed to respond to Plaintiff's dispute within the timeframe required by the FCRA.

38. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false and materially misleading consumer reports concerning Plaintiff.

39. Equifax violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

40. Equifax violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Grain. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to Grain regarding Plaintiff's dispute that Equifax received from Plaintiff.

41. Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject consumer debt.

42. Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

43. Equifax violated 15 U.S.C. § 1681i(a)(5)(B) by reporting disputed information without certification from Grain that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

44. Equifax knew that the inaccurate reporting of the subject consumer debt in Plaintiff's credit files under the Grain trade line would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing and/or credit opportunities.

45. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

46. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

47. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

48. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

49. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

50. Equifax acted reprehensively and carelessly by reporting and re-reporting the subject consumer debt on Plaintiff's credit reports after Plaintiff notified Equifax of the inaccurate nature of such information.

7

Case 5:23-cv-00279-BO-RN   Document 14   Filed 08/15/23   Page 7 of 11

51. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

52. As stated above, Plaintiff was harmed by Equifax's conduct.

WHEREFORE, Plaintiff, ASIAH K. WALLACE, respectfully requests that this Honorable Court enter judgment in her favor, as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

b. Ordering that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

d. Awarding Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. § 1681n;

f. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o; and

g. Awarding Plaintiff any other relief as this Honorable Court deems equitable and just.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
#### PLAINTIFF AGAINST GRAIN

53. Plaintiff restates and reallages paragraphs 1 through 52 as though fully set forth herein.

54. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

55. Grain is a "person" as defined by 15 U.S.C. § 1681a(b).

56. Grain is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

57. At all times relevant, the above-mentioned credit reports were "consumer reports" as the term is defined by § 1681a(d)(1).

58. Grain violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Trans Union, Experian, Equifax, and Plaintiff.

59. Grain violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information, provided by Trans Union, Experian, Equifax, and Plaintiff pursuant to 15 U.S.C. § 1681i(a)(2).

60. Had Grain reviewed the information provided by Trans Union, Experian, Equifax, and Plaintiff, it would have corrected the inaccurate designation of the subject consumer debt, and transmitted the correct information to Trans Union, Experian, and Equifax. Instead, Grain wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

61. Grain violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Trans Union, Experian, and Equifax.

62. Grain violated 15 U.S.C. § 1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Trans Union, Experian, and Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the subject consumer debt.

63. Grain violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Trans Union, Experian, and Equifax credit files.

64. Grain failed to conduct a reasonable investigation of its reporting of the subject consumer debt and failed to record and delete the inaccurate information from Plaintiff's Trans Union, Experian, and Equifax credit files within 30 days of receiving notice of the disputes from Trans Union, Experian, and Equifax, pursuant to 15 U.S.C. § 1681i(a)(1).

65. Despite the blatantly obvious errors in Plaintiff's Trans Union, Experian, and Equifax credit files and Plaintiff's efforts to correct the errors, Grain did not correct the errors or report the trade line accurately. Instead, Grain wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

66. A reasonable investigation by Grain would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Trans Union, Experian, and Equifax credit files.

67. Had Grain taken steps to investigate Plaintiff's valid disputes or TransUnion's, Experian's, and Equifax's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

68. By deviating from the standards established by the debt collection industry and the FCRA, Grain acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Trans Union, Experian, and Equifax.

WHEREFORE, Plaintiff, ASIAH K. WALLACE, respectfully requests that this Arbitrator enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

b. Ordering Grain to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Awarding Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o;

f.  Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §§ 1681n and 1681o; and

g.  Awarding Plaintiff any other relief as this Arbitrator deems equitable and just.

Dated: August 15, 2023                              Respectfully submitted,


/s/ *Nathan C. Volheim*                             /s/Matthew R. Gambale
Nathan C. Volheim                                   Matthew R. Gambale
IL Bar No. 6302103                                  N.C. Bar No. 73359
SULAIMAN LAW GROUP, LTD.                            Osborn Gambale Beckley & Budd, PLLC
2500 South Highland Avenue, Suite 200               721 West Morgan Street
Lombard, IL 60148                                   Raleigh, North Carolina 27603
Phone: (630) 575-8181                               Phone: (919) 373-6422
Fax: (630) 575-8188                                 Fax: (919) 578-3733
nvolheim@sulaimanlaw.com                            matt@counselcarolina.com