IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-279-BO-RN

| | |
|---|---|
| ASIAH K. WALLACE )<br>Plaintiff, )<br>)<br>v. )<br>)<br>EQUIFAX INFORMATION SERVICES, )<br>LLC, and GRAIN TECHNOLOGY, INC., )<br>Defendants. ) | O R D E R |

This cause comes before the Court on defendant Equifax Information Services' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The appropriate responses and replies have been filed, or the time for doing so has expired, and the motions are ripe for ruling. For the reasons that follow, the first motion to dismiss is denied as moot and the second motion to dismiss is denied.

## BACKGROUND

Plaintiff instituted this action by filing a complaint against Equifax Information Services (Equifax) alleging a claim under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681, *et seq*. Equifax filed a motion to dismiss plaintiff's complaint. Plaintiff then filed an amended complaint, again alleging claims under the FCRA and adding Grain Technology, Inc. as a defendant.

Plaintiff alleges the following in her amended complaint. Plaintiff obtained a revolving line of credit from defendant Grain Technology (Grain). Her Grain account was accessed through an application (app) on plaintiff's phone. Beginning in approximately 2022, Grain locked plaintiff and others out of its app, preventing plaintiff and others from making payments on their debt. After

making inquiries, plaintiff was told that the app was the only way to make payments on her debt, despite the fact that the app would not allow her to make payments.

At some point thereafter, Grain reported plaintiff's debt as delinquent on plaintiff's Trans Union, Equifax, and Experian credit reports. In January 2023, plaintiff sent written dispute letters to Trans Union, Equifax, and Experian disputing the debt. Grain also received notice of plaintiff's disputes. On March 8, 2023, the debt was still being reported on plaintiff's Equifax credit report with negative references. Plaintiff alleges that Equifax failed to reasonably investigate plaintiff's dispute within thirty days and continued to report the debt inaccurately.

Plaintiff alleges that Equifax violated the FCRA by preparing plaintiff's credit report with inaccurate and materially misleading information and failing to reasonably investigate plaintiff's dispute. Plaintiff alleges that Equifax violated 15 U.S.C. § 1681e(b) by failing either to establish or follow reasonable procedures to ensure maximum possible accuracy in the preparation of plaintiff's consumer report and §1681i by failing to conduct a reasonable investigation to determine whether the information plaintiff disputed was accurate and to delete or correct the information in plaintiff's credit report, failing to provide notification of plaintiff's dispute to Grain, failing to review and consider all information relevant to plaintiff's dispute, failing to delete or modify the inaccurate information which was the subject of plaintiff's dispute, and reporting disputed information without certification from Grain that the information was accurate and without sending notice of the re-reporting to plaintiff.

## DISCUSSION

Equifax has moved to dismiss plaintiff's claim against it for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265,

2

Case 5:23-cv-00279-BO-RN   Document 24   Filed 01/19/24   Page 2 of 5

283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

At the outset, as an amended complaint has been filed, Equifax's motion to dismiss the original complaint [DE 7] is denied as moot. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017).

In support of its motion to dismiss the amended complaint, Equifax argues that the complaint does not contest the factual accuracy of the information reported by Equifax and thus the claim must be dismissed under *Carvalho v. Equifax Information Services*, 629 F.3d 876 (9th Cir. 2010) and its progeny.

"Congress enacted [the] FCRA in 1970 out of concerns about abuses in the consumer reporting industry." *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 414 (4th Cir. 2001). To that end, the FCRA imposes requirements on credit reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer . . .." 15 U.S.C. § 1681(b).

3

A credit reporting agency, such as Equifax, is required to prepare consumer credit reports which reflect the "maximum possible accuracy". *Id.* § 1681e(b). The FCRA further provides the procedure for disputing information on a consumer credit report with a credit reporting agency:

> if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

*Id.* § 1681i(a)(1)(A).

The Fourth Circuit has held that "a consumer reporting agency violates § 1681e(b) if (1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy." *Dalton*, 257 F.3d at 415. Information on a credit report is inaccurate if it is "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Id.* (citation and alterations omitted). Additionally, "a consumer who brings a § 1681i failure to reinvestigate claim must first show that his 'credit file contains inaccurate or incomplete information.'" *Hinton v. Trans Union, LLC*, 654 F. Supp. 2d 440, 451 (E.D. Va. 2009) (citation omitted). Courts have applied "the same understanding of 'inaccurate' in analyzing § 1681e and § 1681i claims." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018).

In *Carvalho*, the Ninth Circuit held that, although not expressly required by § 1681i, a party bringing a claim under § 1681i must show that an actual inaccuracy exists. *Carvalho*, 629 F.3d at 890; *see also DeAndrade v. Trans Union LLC*, 523 F.3d 61, 67 (1st Cir. 2008) ("without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail."). Although the Court is unaware of any decision by the Fourth Circuit on this specific issue, several

4

district courts in this circuit have "adopted the inaccuracy requirement for § 1681i claims." *Alston v. Equifax Info. Servs., LLC*, No. CV TDC-13-1230, 2016 WL 5231708, at *7 (D. Md. Sept. 21, 2016).

The Court notes, however, that the cases upon which Equifax relies in support of its motion to dismiss were largely decided at the summary judgment stage on more complete record. Here, taking plaintiff's allegations in the complaint as true, the information reported by Equifax was inaccurate or incomplete. Moreover, the reporting of plaintiff's debt as delinquent could certainly be misleading, as it reflects negatively on plaintiff where the alleged fault lies only with Grain. Plaintiff alleges that she disputed the accuracy of the information on her report and that Equifax failed to conduct a reasonable investigation as required. This is sufficient, at this stage, and the Court will permit plaintiff's claim against Equifax to proceed.

## CONCLUSION

Accordingly, for the foregoing reasons, Equifax's motion to dismiss the original complaint [DE 7] is DENIED AS MOOT and Equifax's motion to dismiss the amended complaint [DE 15] is DENIED.

SO ORDERED, this 19 day of January 2024.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5